UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MELISSA & DOUG, LLC,                     :

                            Plaintiff,     :

                                     :

                  -v-           :         15-CV-8085 (JPO)

                                   :

LTD COMMODITIES, LLC and TOY QUEST   :       OPINION AND ORDER
LIMITED,                             :

                                   :

                    Defendants. :
-------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

     Melissa & Doug, LLC ("Melissa & Doug") filed this copyright infringement action

against LTD Commodities, LLC ("LTD") and Toy Quest Limited ("Toy Quest") on October 14,

2015. Toy Quest moves to dismiss the claims against it, arguing: (1) insufficient service of

process under Federal Rule of Civil Procedure 12(b)(5); (2) lack of personal jurisdiction under

Rule 12(b)(2); and (3) improper venue per Rule 12(b)(3). For the reasons that follow, the motion

is denied.

## I.    Background

     The following facts, alleged by Melissa & Doug, are presumed true for the purpose of

this motion, except where disputed as indicated below.

     Melissa & Doug is a toy company headquartered in Wilton, Connecticut with a sales

office and showroom in Manhattan. (Dkt. No. 7 ¶ 2.) In 2006, the company designed a plush-

toy toolbox it branded the "Toolbox Fill and Spill." (*Id.* ¶ 11.) Melissa & Doug obtained a

copyright on the design, and today it sells the toy across the United States. (*Id.* ¶¶ 11, 12, 17.)

     LTD is an online and catalog retailer. At some point prior to February 2, 2015, LTD

began listing a plush-toy toolbox for sale on its website. (*Id.* ¶ 14; Dkt. No. 7-2 at 2.) LTD

identified Toy Quest, a Hong Kong-based company, as the toy's supplier.  (Dkt. No. 25 at 2.)
Melissa & Doug contends that the toy LTD posted and Toy Quest supplied infringes on the
"Toolbox Fill and Spill" copyright.  (Dkt. No. 7 ¶¶ 16-18.)

Melissa & Doug filed the operative complaint in this action against LTD and Toy Quest
on October 15, 2015.  (Dkt. No. 7.)  The next day, it served Toy Quest via registered mail at its
principal place of business in Hong Kong.  (Dkt. No. 12; Dkt. No. 22 at 1.)  The "Proof of
Service" shows that the Summons and Complaint were received there on November 2, 2015.
(Dkt. No. 12-1 at 2.)  The stamp on the return receipt reads "MANLEY TOYS LTD."  (*Id.*)
Plaintiff alleges that Manley Toys Ltd. is "an affiliate or d/b/a of" Toy Quest.  (Dkt. No. 25 at 3.)
Toy Quest maintains that service was improper as a matter of law and, alternatively, not effected.
(Dkt. No. 29 at 2.)

Toy Quest additionally draws into question this Court's personal jurisdiction over it.
Melissa & Doug argues for specific personal jurisdiction based on Toy Quest's business
presence in the State of New York.  Melissa & Doug alleges that Toy Quest: (1) supplies toys,
including the one at issue, manufactured in China to U.S. companies, including some in New
York; (2) produces toys for "Brand Partners" headquartered in New York; (3) sells products to
"Retail Partners" with locations in New York; and (4) annually attends the New York Toy Fair, a
major trade show.  (Dkt. No. 7 ¶¶ 7, 8, 14, 15; Dkt. No. 25 at 2-4; Dkt. No. 26-2 at 10, 12, 14,
16, 18, 20.)  Toy Quest claims it "has never attended the New York toy show" and that it has not
entered into contracts with "Brand Partners" in the United States.  (Dkt. No. 29 at 3; Dkt. No. 31
¶ 6.)  Toy Quest does not dispute, however, that it has retail partners and brand presence in the
United States.  (Dkt. No. 31 ¶¶ 5, 7.)

II.     **Discussion**

A.     **Service of Process**

Toy Quest argues that Melissa & Doug's method of service—international registered mail—is inadequate as a matter of law.  (Dkt. No. 29 at 4.)  In the alternative, it contends that service was not effected in this case.  (*Id.* at 5.)  Neither argument succeeds.

First, service by registered mail was proper.  Under Federal Rule of Civil Procedure 4(f)(1), a foreign defendant—including a foreign corporation, Fed. R. Civ. P. 4(h)—may be served "by any internationally agreed means of service that is reasonably calculated to give notice."  Such means include "those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents" (the "Hague Convention"), including, in this Circuit, "service by mail if the receiving state does not object."  *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 300 (2d Cir. 2005).  Hong Kong is a signatory to the Hague Convention and does not object to service by mail (Dkt. No. 26-3 at 10), so service by registered mail was proper here.  *See, e.g.*, *Silver Top Ltd. v. Monterey Indus. Ltd.*, 94-CIV-5731, 1995 WL 7599, at *2 (S.D.N.Y. Feb. 21, 1995) (authorizing service by registered mail for a Hong Kong corporate defendant).

In the alternative, Toy Quest argues that service was "not effected."  (Dkt. No. 29 at 5.) Service of process operates to "apprise interested parties" of an action and "afford them an opportunity to present their objections."  *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).  Courts in this Circuit have held that this purpose is achieved where a "plaintiff 'attempted in good faith'" to effect service under the Hague Convention and "the defendant does 'not dispute having received the complaint.'"  *In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 432 (S.D.N.Y. 2009) (quoting *Burda Media,* 417 F.3d at 302); *see also Wilson v. Austin,* No. CV 11-4594, 2012 WL

3764512, at *5 (E.D.N.Y. June 25, 2012), *adopted in full*, 2012 WL 3764509 (E.D.N.Y. Aug. 27, 2012) (approving service, under the Hague Convention, by registered mail to the defendant's "last known address . . . even if the defendant no longer resides" there).  Given that parties agree that Melissa & Doug mailed the proper forms[1] to the correct address and that the documents were received there, service was effected.  (Dkt. No. 12; Dkt. No. 22 ¶ 2.)

Toy Quest suggests that the name on the mailroom stamp confirming receipt— "MANLEY TOYS LTD."—renders service insufficient, but this argument also fails.  (Dkt. No. 29 at 5.)  Melissa & Doug alleges, and Toy Quest does not deny, that "MANLEY TOYS LTD." and Toy Quest are, in fact, the same company.  (Dkt. No. 25 at 3.)

### B.    Personal Jurisdiction

Toy Quest also argues that this Court lacks personal jurisdiction over it.

At the initial pleading stage, a plaintiff "need only make a *prima facie* showing of personal jurisdiction," including "an averment of facts that, if credited . . . would suffice to establish jurisdiction over the defendant."  *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (citations omitted).  Accordingly, courts resolve "all factual disputes . . . in the plaintiff's favor."  *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013) (citation omitted).  But courts should neither "draw 'argumentative inferences' in the plaintiff's favor," *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994)

---

[1] Toy Quest also argues that service was deficient because the Summons and Complaint were not translated from English.  (Dkt. No. 23 at 7.)  But "it is well-settled that the translation requirement is triggered only when it is the Central Authority that serves the document," which was not the case here.  *Heredia v. Transp. S.A.S., Inc.*, 101 F. Supp. 2d 158, 161 (S.D.N.Y. 2000); *see also Leopard Marine & Trading, Ltd. v. Easy St., Ltd.*, No. 15-CV-3064, 2015 WL 4940109, at *5 (S.D.N.Y. Aug. 6, 2015).  In any event, English is an official language of Hong Kong.  (Dkt. No. 26-3 at 26.)

(quoting *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir.1992)), nor credit a "legal conclusion couched as a factual allegation," *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Where necessary, courts may refer to documents outside the complaint.  *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 86 (2d Cir. 2013) (per curiam).

### 1.    New York Law

The New York statute provides for jurisdiction over a non-domiciliary who "in person or through an agent: (1) transacts any business within the state or contracts anywhere to supply goods or services in the state; or (2) commits a tortious act within the state."  N.Y. C.P.L.R. § 302(a).  There must also be a "nexus between the [conduct supporting jurisdiction] and the cause of action sued upon."  *McGowan v. Smith,* 52 N.Y.2d 268, 272 (N.Y. 1981).[2]

Courts in the Second Circuit have often held that this test is satisfied where a non-domiciliary defendant supplied allegedly copyright-infringing goods to distributors in New York.  *See, e.g.*, *Dan-Dee Int'l, Ltd. v. Kmart Corp.*, No. 99-CV-11689, 2000 WL 1346865, at *4 (S.D.N.Y. Sept. 19, 2000) (finding long-arm jurisdiction over a "non-domiciliary who merely supplies infringing goods to the party that ultimately passes them off in New York"); *see also Evergreen Media Holdings, LLC v. Warren*, 105 F. Supp. 3d 192, 198 (D. Conn. 2015) (collecting cases). Similarly, Melissa & Doug alleges that Toy Quest contracted to distribute its

---

[2] The requirement is satisfied "unless 'the event giving rise to the plaintiff's injury had . . . a tangential relationship to any contacts the defendant had with New York.'"  *Chloé*, 616 F.3d at 167 (quoting *Solé Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 104 (2d Cir. 2013)).  In fact, just "one transaction in New York is sufficient to invoke jurisdiction, even [when] the defendant never enters New York, so long as the defendant's activities here were purposeful" and the transaction substantially relates to the claims asserted.  *Id.* at 170 (quoting *Kreutter v. McFadden Oil Corp.*, 522 N.E.2d 40, 44 (N.Y. 1988)).

purportedly infringing toy in New York.  (Dkt. No. 7 ¶ 15; Dkt. No. 25 at 2).  The facts pleaded thus support the exercise of personal jurisdiction over Toy Quest here.

Moreover, Melissa & Doug alleges that Toy Quest distributed other products in New York through the same channels as the product at issue in this litigation.  In general, distribution of other products into this forum may suggest that the conduct sued upon is not "a one-off transaction" but "part of a larger business plan purposefully directed at New York consumers." *Chloé* 616 F.3d at 167, 170-71.  Here, the distribution of other products in New York supports the inference that Toy Quest has a broader practice of targeting local consumers that supports a finding of personal jurisdiction.  (Dkt. No. 7 ¶ 15; Dkt. No. 25 at 2-4.)

Melissa & Doug has also submitted evidence that Toy Quest annually attends the New York Toy Fair.  (Dkt. No. 26-2 at 12.)  Courts in this District have held that "participation in a [local] trade show is sufficient to confer personal jurisdiction over a defendant" under the New York long-arm statute.  *Millennium, L.P. v. Dakota Imaging, Inc.*, No. 03-CV-1838, 2003 WL 22940488, at *4 (S.D.N.Y. Dec. 15, 2003).  Courts have, in fact, exercised jurisdiction based on participation in a New York toy fair.  *Maruzen Int'l, Co. v. Bridgeport Merch., Inc.*, 770 F. Supp. 155, 160 (S.D.N.Y. 1991).  Although Toy Quest denies participating in the toy fair, the Court construes inferences in favor of the non-moving party.

Taking these allegations together, the Court concludes that Melissa & Doug has pleaded a *prima facie* case sufficient to satisfy N.Y. C.P.L.R. § 302(a).

## 2.    Due Process

Having found specific jurisdiction under New York law, the Court next turns to constitutional due process.

"To establish personal jurisdiction over a defendant, due process requires a plaintiff to

allege (1) that a defendant has certain minimum contacts with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances. . . . comport[ing] with fair play and substantial justice." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 168-69 (2d Cir. 2015) (internal quotations omitted).

<strong>a.     Minimum Contacts</strong>

In evaluating whether there are minimum contacts for purposes of the due process inquiry, courts look broadly at the "totality of Defendants' contacts with the forum state." *Chloé,* 616 F.3d at 164. Sufficient contacts exist "where the defendant purposefully availed itself of the privilege of doing business in the forum and could foresee being haled into court there." *Eades*, 799 F.3d at 169 (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013)). These contacts need not be extensive: "single or occasional acts of [a] corporate agent . . . may sometimes be enough." *Id.* (quoting *Daimler AG v. Bauman,* 134 S.Ct. 746, 754).

Melissa & Doug makes its minimum-contacts case based on Toy Quest's business contacts in New York. Placing products into the forum's "stream of commerce . . . 'bolster[s] . . . specific jurisdiction.'" *Daimler*, 134 S. Ct. at 757 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011)). Plaintiffs must further show a "regular flow . . . of sales in [the forum state]," or "something more, such as special state-related design, advertising, advice, marketing, or anything else" suggesting that the defendant *intended* to deliver products into the forum state. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 889, 891-92 (2011) (Breyer, J., concurring) (internal quotation marks omitted). The test aims to distinguish cases in which products land in the forum by chance from those in which the defendant has "purposefully availed itself" of the privilege of doing business in the forum. *Eades*, 799 F.3d at 169 (quoting *Licci*, 732 F.3d at 170).

Melissa & Doug alleges that Toy Quest sold to one or more companies that distributed the allegedly infringing toy in New York.  (Dkt. No. 7 ¶ 15.)  It further alleges that Toy Quest has other contacts with the state, including relationships with "Retail Partners" located in New York (which Toy Quest does not deny) and production relationships with "Brand Partners" headquartered in New York (which Toy Quest denies, despite conceding that it supplies toys to such companies).  (*Id.* ¶¶ 7, 8, 14, 15; Dkt. No. 25 at 2-4; Dkt No. 29 at 3; Dkt. No. 31.)  Melissa & Doug strengthens its allegation by averring that Toy Quest has national distribution contracts. (Dkt. No. 25 at 2-4).  Courts have considered "an expectation of true national distribution" of the products at issue to suggest an expectation that the product in question (or other products) would enter the forum state's stream of commerce.  *UTC Fire & Sec. Americas Corp. v. NCS Power, Inc.,* 844 F. Supp. 2d 366, 376-77 (S.D.N.Y. 2012); *see also Ikeda v. J. Sisters 57, Inc.*, No. 14-CV-3570, 2015 WL 4096255, at *6 (S.D.N.Y. July 6, 2015).  Toy Quest appears to concede that its products are marketed nationwide, bolstering the claim that it expects penetration into New York markets.

Taken as true and considered together, these allegations suggest a "regular flow" of Toy Quest products into New York.  Melissa & Doug has thus made out a *prima facie* case of minimum contacts demonstrating that Toy Quest purposefully availed itself of the forum.

      **b.**    **Reasonableness**

"[W]here the plaintiff has made a threshold showing of minimum contacts at the first stage," the defendant may still show that the court lacks personal jurisdiction by "present[ing] 'a compelling case that the presence of some other considerations would render jurisdiction unreasonable.'"  *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 568 (2d Cir. 1996) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).  But "generalized

complaints of inconvenience . . . do not add up to 'a compelling case.'" *Chloé*, 616 F.3d at 173

(quoting *Metro. Life*, 84 F.3d at 568).  As a result, "dismissals resulting from the reasonableness

test should be few and far between." *Metro. Life*, 84 F.3d at 575.

To evaluate reasonableness, courts consider, among other things: the burden of litigating

in the forum for the defendant; the plaintiff's interest in obtaining relief; the interests of the

forum state; and the interstate judicial system's interest in efficient resolution of cases. *Chloé*,

616 F.3d at 164 (citing *Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113-14 (1987)).

Toy Quest argues that defending against this suit in New York would be logistically "onerous"

and that New York has no interest in adjudicating the case because Melissa & Doug is not based

in New York.[3]  (Dkt. No. 23 at 13.)

Toy Quest's argument fails.  Toy Quest's first concern is a "generalized complaint[ ] of

inconvenience" which is an insufficient basis upon which to defeat a finding of personal

jurisdiction.  *Chloé*, 616 F.3d at 173.  Even a more substantial allegation of the burden on Toy

Quest of litigating in New York "would provide defendant only weak support, if any, because

[of] 'the conveniences of modern communication and transportation.'" *Bank Brussels Lambert*

*v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120, 129-30 (2d Cir. 2002) (citing *Metro. Life*, 84

F.3d at 574).  Toy Quest's other argument—that Melissa & Doug is not based in New York so

the forum state lacks an interest in the case—is insufficient because Melissa & Doug maintains a

commercial presence in New York through its sales office and retail operation.  (Dkt. No. 7 ¶ 2.)

The company's business in New York could thus be "threatened" by delivery of infringing goods

into the state.  *Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 220 (2d Cir. 2013).

---

[3] Toy Quest also speculates that "witnesses and evidence" are "[p]resumably" not in New York, but it alleges no specific facts to support this claim.  (Dkt. No. 29 at 12.)

Toy Quest does not describe the "exceptional situation" where this Court should decline to exercise jurisdiction despite a showing of minimum contacts. *Metro. Life*, 84 F.3d at 575.

### C.    Venue

Finally, Toy Quest argues that venue is improper under 28 U.S.C. § 1391(b).  (Dkt. No. 23 at 14.)  But actions, like this one, involving foreign defendants fall instead under 28 U.S.C. § 1391(c)(3), which provides that "a defendant not resident in the United States may be sued in any judicial district."  *See, e.g.*, *In re Poseidon Concepts Sec. Litig.*, No. 13-CV-1213, 2016 WL 3017395, at *8 (S.D.N.Y. May 24, 2016); *Constellation Energy Commodities Grp. Inc. v. Transfield ER Cape Ltd.*, 801 F. Supp. 2d 211, 221 (S.D.N.Y. 2011).  Toy Quest further contends that venue is improper under 28 U.S.C. § 1400(a), which governs copyright cases.  (Dkt. No. 29 at 13.)  But subsection (c)(3) of Section 1391 is "not displaced by special statutory venue statutes."  *Poseidon Concepts*, 2016 WL 3017395, at *8 (citing *Brunette Mach. Works, Ltd. v. Kockum Indus., Inc.*, 406 U.S. 706, 713 (1972)).  Venue is therefore proper in any district, including this one.

## III.    Conclusion

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 21.


SO ORDERED.


Dated: August 15, 2016
       New York, New York

J. PAUL OETKEN
United States District Judge